The opinion of the Court was afterwards drawn up by
Parker C. J.
We are all of opinion that this verdict cannot be set aside as against the evidence, or the weight of the evidence, which means substantially the same thing; for it is not for the Court to weigh the evidence and pronounce against the verdict because in their opinion there was more weight in the other scale. There must be a decided preponderance against the scale adopted by the jury, to authorize the Court to interfere.
This is not a case of that sort. The witnesses who attested the will, testified that in their opinion the testator was of sound mind; many other witnesses testified to his conduct and conversation down to a short time before, and some to the very day of his death; and from this testimony a sound state of mind in regard to the disposition of his property might be well inferred. On the other hand, it was proved that he was an aged man; that he destroyed his own life a short tim after he made this will; that he was occasionally dejected, absent, and heedless of persons and things about him; and these facts taken in connexion with the mental disease which had appeared in various collateral branches of his family, were supposed to make a strong case for the presumption of insanity ; and indeed it was a strong case ; and had the jury adopted that conclusion, we should find no reason to be dissatisfied. *102 But this is a difficult subject for a jury or a court to decide upon. That species of insanity which is generally supposed to exist where the subject commits suicide, may be, there is no doubt, and frequently is, consistent with the exercise of usual discretion as to the management or disposition of property; indeed the power of reasoning on other subjects may be wholly unimpaired. The law does not consider the act of suicide as conclusive evidence of insanity ;[1] on the contrary, it is held as a crime, unless insanity is proved, and penalties, so far as they can be, are inflicted upon the perpetrator. The compassion of juries of inquest towards the friends of the deceased, as often as the fact of insanity, interferes to shield the remains from what is by many thought a barbarous disposition of the law. And even if the act itself should be considered as proof demonstrative that the reasoning faculty was disturbed at the time of its commission, the difficulty of ascertaining with precision the very inception of derangement weakens its force in relation to any antecedent act. No doubt the instances are frequent, of perfect possession of the usual powers of thought and reasoning, and no ordinary discretion, until the very catastrophe. We are to look then to the evidence of conduct prior to the making of the will, and at the time, to ascertain whether the legal capacity existed, and in that we find nothing more than has generally appeared in persons laboring under partial bodily disease, united with the common infirmities of age. Occasional loss of memory, misapprehension of names and persons, dulness of spirits, are the most that is proved, with all which is contrasted the testimony of persons who saw and conversed with the testator on business or common occurrences down to the day of his death, from which they drew no inference of any alienation of mind. Now this state of things presented peculiarly a case for the discretion of the jury, and their opinion must of course be conclusive.
It is supposed however that the ruling of the judge in regard to the burden of proof, was incorrect, and that for this cause there ought to be a new trial: and in so balanced a case as this, much importance is properly attached to this part of the proceedings.
*103 It has heretofore been, decided, that a mistake of this nature n the judge entitles the party, who is deprived of the priviege which the law or the usage of proceedings gives him, to a .lew trial.
The executor was the appellant, and to him was awarded the opening and closing of the cause, notwithstanding the burden of proof in regard to insanity was thrown upon the appellees who opposed the will. The case of Phelps et al. v. Hartwell et al. is cited in support of this objection. That was a case in which insanity was suggested as a reason for setting aside the will. The appellees affirmed in their plea, that the testator was of sound disposing mind, &c. ; the appellants, the heirs, denied this fact ; and the question arising, which should open and close the arguments to the jury, the Court held that the affirmative was upon those who would set up the will, and therefore that the appellees must produce reasonable and satis factory proof that the testator was sane, &c.
The editor of the second edition of the first volume of our reports has thrown a doubt on this decision, which doubt, if the case is to be taken in the unqualified terms of the report, seems to be well founded. For the presumption of law is, that all men are of sound mind, and those who would defeat this presumption by a suggestion of insanity, must prove the exception to the general rule. The apparent incorrectness of the opinion of the Court in that case is probably the result of an imperfect report; for it seems to us that the ruling of the Court as to the order of argument was right, though the expressions attributed to them as to the burden of proof required explanation. It was true to a certain extent, but not in the full measure stated in the report.
By our statute of wills, all such instruments must be offered for proof in the probate office, and the subscribing witnesses are to be there produced ; and these witnesses are to testify, not only as to the execution of the will, but as to the state of mind of the testator at the time. Without such proof no will can be set up. And this agrees with the English law on the same subject. Powell on Devises, 70 ; Wallis v. Hodgeson, 2 Atk. 56. And according to our practice, when there shall be an appeal from the decree of the judge of probate either *104 allowing or rejecting the will, it is to be proved in the appellate. court in the same manner as if first offered there for probate Being proved however by the subscribing witnesses, Doth as tc its execution and the sanity of the testator, the will is to be set up and allowed, unless the party objecting disproves the facts thus established. So that the burden of proof shifts from the executor to the heir, or other person opposing the allowance of the will; but in this, as in all cases where there is an affirmative point to be made out by one party, he is to open and close to the jury. If his own evidence, that of the subscribing witnesses, is deficient, he is to make out the affirmative from the whole case; if he makes out his case by the statute eyidence, he has only to defend against the proof of insanity produced by the other party. And having produced the statute evidence, if the case is made doubtful by the evidence from the other side, the presumption of law in favor of sanity must have its effect in the final decision. Buckminster v. Perry, 4 Mass. R. 593.
We think whatever has been said by the Court in any of the cases decided, in regard to the affirmative being upon those who offer the will for allowance, must be taken with the above qualifications. And this being the rule, it was rightly decided at the trial of this case, that the affirmative was upon the executor, and so the opening and closing were with him.[1] And the will having been sufficiently proved by the statute evidence, it was also rightly decided that the burden of proof in regard to insanity was upon the other party. [2]
This shifting of the onus probandi is quite familiar in the course of trials. In a suit upon a promissory note, or other written contract, on the general issue the plaintiff produces his note, proves the signature of the defendant, and stops; the defendant then alleges payment, want of consideration, or other matter in defence ; the burden of proof is upon him, and yet the plaintiff opens and closes the argument. And this is uniformly the case, unless the defendant by the form of pleading *105 admits the plaintiff’s right of action, but for the cause which he sets up in his plea ; no proof in such case being required on the part of the plaintiff.
Upon the whole matter therefore we see no good cause for setting aside the verdict in this case.

Decree of judge of probate reversed.

 See Burrows v. Burrows, 1 Haggard’s Eccl. It. 109.

 See Blaney v. Sargeant, 1 Mass. R. 336; Hubbard v. Hubbard, 6 Mass. R. 397.

 The burden of proof lies upon him who alleges insanity. Jackson v King, 4 Cowen, 207; Stevens v, Van Cleve, 4 Wash. C. C. R. 262.